IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL L. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:05-CV-1309 |
| | ) | |
| JO ANNE B. BARNHART, the | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

On April 6, 2005, an Administrative Law Judge ("ALJ") issued a written decision determining that Plaintiff Michael L. Taylor was not disabled and therefore was not entitled to disability insurance benefits or supplemental security income under the Social Security Act. The ALJ's decision became final on August 15, 2005 when the Social Security Appeals Council denied Taylor's request for discretionary review of the ALJ's decision. On October 14, 2005, Taylor filed a complaint in this court seeking judicial review of the agency's final decision.

The Commissioner of Social Security moves for an order reversing her decision and remanding this case to her pursuant to the fourth sentence of § 205(g) of the Act, as amended, 42 U.S.C. § 405(g). "Sentence four" of section 205(g) authorizes the reviewing Federal District Court "to enter, upon the pleadings and transcript of the record, a judgment . . .

reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." § 405(g).  In the case at bar the Commissioner concedes that the ALJ's written decision cannot stand because the ALJ did not obtain current medical records even though Taylor remained insured for benefits and was seeking medical treatment through the date of the ALJ's decision; the ALJ did not address and evaluate all of the available medical opinions; and, the ALJ did not adequately explain his decision regarding Taylor's subjective complaints.

Taylor opposes the Commissioner's motion because he believes the question presented is whether the Commissioner had "full knowledge of her burden at Step 5." *See* Pl.'s Further Resp. and Mem. Opp. Comm'r Mot. Remand at 1.  According to Taylor, the Commissioner "should not be heard at this late date to insist on further development of the record when she had . . . longstanding knowledge" of her burden and the medical evidence favorable to Taylor.  *Id.* at 2.

That the Commissioner "had knowledge of," and did not satisfy, her burden is not dispositive of the question whether a sentence four remand is appropriate.  The Commissioner openly admits that the ALJ failed fully to develop the record and to explain his decision and that, as a result of these administrative errors, the Commissioner's duty has not been discharged.  That of course does not mean that this court should step in and decide the case *de novo* on the agency's behalf based on evidence the ALJ apparently never considered or discussed.  On the contrary, unless "all essential factual issues have been resolved [by the agency] and the record adequately establishes a plaintiff's entitlement to

benefits[,]" *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted), a sentence four reversal and remand is the proper judicial response when the Commissioner has "misapplie[d] the regulations or when there [was] not substantial evidence to support one of the ALJ's factual findings," *id.* at 175. " 'A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.'" *Id.* at 176 (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)).

In the court's view the Commissioner has not evaluated and resolved all of the essential factual issues in this case—*e.g.*, Taylor's status since 2002, the persuasive weight that should be attributed to the opinions of certain treating physicians, Taylor's credibility, and the existence or non-existence of other work that Taylor can perform consistent with his limitations. Resolution of these issues, *by the agency charged with resolving them*, is necessary before the court can conduct its determination of whether or not the agency clearly erred in its factual findings and should have awarded benefits—*i.e.*, whether the agency acted contrary to "overwhelming" proof. It is for this reason that the court **GRANTS** the Commissioner's motion for a sentence four judgment reversing and remanding the case to the Commissioner for further proceedings before a new administrative law judge.

Upon remand, the administrative law judge is instructed to:

(1) update the medical records from Taylor's treating sources, including clinical findings, test results, and a detailed statement as to what Taylor can still do despite his alleged impairments;
(2) re-contact the treating sources as necessary for clarification and/or further evidence;

(3) enlist the assistance of Taylor's counsel, if necessary, in obtaining the above information;

(4) if necessary for clarification of the record, obtain a consultative examination;

(5) address all medical opinions of record, articulating why each is or is not persuasive, pursuant to the applicable regulations in Parts 404 and 416 of 20 C.F.R.;

(6) further evaluate Taylor's subjective complaints, setting forth the consideration given to the applicable factors discussed in 20 C.F.R. §§ 404.1529 and 416.929, and Social Security Ruling 96-7p; and,

(7) offer Taylor the opportunity for a supplemental hearing and, if warranted by the evidence before the ALJ, receive evidence from a vocational expert regarding the existence of work Taylor can still perform.

The Commissioner's final decision is **REVERSED** and the case is **REMANDED** to the Commissioner for further proceedings consistent with the foregoing instructions. The clerk is directed to enter a judgment accordingly.

**IT IS SO ORDERED**.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE